17493.   MOTOR PARTS CORPORATION *v.* AMERICAN AUTO PARTS COMPANY.

STEPHENS, J.   1. Where a manufacturer of automobile parts, located in Detroit, Michigan, enters into a contract with an automobile dealer in Atlanta, Georgia, whereby the latter is given the exclusive right,

Sales, 35 Cyc. p. 136, n. 27; p. 146, n. 13; p. 156, n. 78; p. 179, n. 11; p. 187, n. 82; p. 574, n. 84.

within certain territory in the State of Georgia, to sell the parts manufactured, and the distributor agrees to purchase from the manufacturer, during the life of the contract, articles at a price up to a designated figure, and where, from the nature of the goods contracted for, it is necessary to give efficient and quick service in their sale and distribution by the distributor to local customers, and where, immediately upon the execution of the contract, the distributor places an order with the manufacturer for a considerable amount of automobile parts, to be manufactured and delivered to the distributor, but as to which no time for delivery is specified, from the nature of the contract it may be inferred that the time within which the parts shall be manufactured and delivered to the distributor is an essential element of the contract, and the time within which the goods shall be manufactured and delivered must be a reasonable time, to be determined by reference to the objects and purposes of the contract.

2. Where the manufacturer, about eighteen days after the acceptance of the order, makes a shipment to the distributor of only a part of the goods ordered, which the distributor accepts, and where, about twenty-nine days after making the first shipment, the manufacturer ships to the distributor another installment of the goods ordered, which the distributor accepts, and where, about twenty-three days after shipping the second installment, and about seventy days after the acceptance of the distributor's order, the manufacturer delivers to a carrier, consigned to the distributor, a third installment of the goods ordered, which the distributor declines to accept and which is returned by the carrier to the manufacturer, it can not be held, as a matter of law, that the completion of the delivery of the entire order by delivery of the third installment was made within a reasonable time, as contemplated by the contract. If the delivery of the entire order was not made within a reasonable time, as contemplated by the contract, and the manufacturer thereby violated the contract as respects delivery of the goods as an entirety, the distributor could refuse to accept the last installment and rescind the contract and tender back the two installments received, or their value where sold in expectation of the manufacturer's complying with the contract in making further deliveries promptly. Where it appears that before the arrival of the last shipment, which the distributor rejected, the distributor expressed dissatisfaction to the manufacturer as to the manner in which the manufacturer was performing under the contract, and requested a cancellation of the remainder of the order, and requested that the third shipment be withheld, but the request to withhold the third shipment was refused upon the ground that it had been delivered to the carrier in Detroit, consigned to the distributor, the inference is authorized that the distributor, after rejecting the third shipment when tendered to him by the carrier, was waiting to hear from the manufacturer as to the proposed adjustment of the differences which had arisen, and it is a question of fact whether a communication from the distributor to the manufacturer, fifty-seven days after the arrival of the last shipment, in which the distributor announced his intention not to go on further with the contract, and that the shipments received were at the disposal of the manufacturer,

was made within a reasonable time and amounted to a rescission of the contract.

3. This being a suit by the manufacturer against the distributor to recover the full contract price of all the goods, including the shipments received by the defendant as well as the rejected shipment, and the evidence authorizing the inference that there had been a legal, rescission of the contract by the defendant, the court erred in directing a verdict for the plaintiff.

4. Since the case will be retried upon a different theory, it is unnecessary to pass upon the other assignments of error in the defendant's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 4, 1927.

Complaint; from Fulton superior court—Judge Pomeroy.   May 21, 1926.

Application for certiorari was made to the Supreme Court.

*Alston, Alston, Foster & Moise,* for plaintiff in error.

*George B. Rush,* contra.